IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-339-GCM
(3:03-cr-67-GCM-DCK-1)

| LEWIS MOSES BYRD, | ) |
| :--- | :--- |
| Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on an initial review of Petitioner's "Motion to Supplement" which the Court finds is in fact a motion to vacate, set aside or correct sentence, under the provisions of 28 U.S.C. § 2255. For the reasons that follow, the § 2255 motion will be dismissed as successive.

## I. BACKGROUND

Petitioner was convicted in this district on one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841, and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Petitioner was sentenced a total term of 382-months' imprisonment. (3:03-cr-67, Doc. No. 30: Judgment). Petitioner's judgment was later affirmed by the United States Court of Appeals for the Fourth Circuit. See United States v. Byrd, 208 F. App'x 216 (4th Cir. 2006) (unpublished), cert. denied, 551 U.S. 1124 (2007).

On March 10, 2011, this Court dismissed Petitioner's first § 2255 motion after finding that it lacked merit. Byrd v. United States, No. 3:08-cv-257-GCM (W.D.N.C. Mar. 18, 2011),

1

dismissed, 437 F. App'x (4th Cir. 2011) (unpublished).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner may be entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In the present motion, Petitioner contends that he is entitled to relief from his designation as a career offender based on the Fourth Circuit's recent opinion Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014), among other cited authority. (3:14-cv-339, Doc. No. 1 at 1). However, Petitioner's ability to present another collateral attack to his criminal judgment is expressly limited by the Antiterrorism and Effective Death Penalty Act (AEDPA) which provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Court finds that Petitioner is not entitled to continue with this collateral attack on his criminal judgment because he has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit. Accordingly, this Court is without jurisdiction to consider the merits, if any, of the present motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion to vacate is **DISMISSED** without prejudice as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 25, 2014

Graham C. Mullen
United States District Judge