IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-353-GCM
(3:03-cr-67-GCM-DCK-1)

| | |
|---|---|
| LEWIS MOSES BYRD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's "Motion for Relief from Judgment" under Rule 60(b) of the Federal Rules of Civil Procedure. After considering the motion and the requested relief, the Court finds the motion is properly examined under the provisions of 28 U.S.C. § 2255.[1] For the reasons that follow, the § 2255 motion will be dismissed as successive.

### I. BACKGROUND

On February 3, 2006, Petitioner was convicted in this district on one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841, and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Petitioner was sentenced a total term of 382-months' imprisonment. (3:03-cr-67, Doc.

---

[1] See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("There may be no infallible test for making this distinction [as to whether a Rule 60(b) motion is in fact a successive application for collateral relief], but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.") (internal citation omitted). The Court further noted that "new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." Id.

1

No. 30: Judgment). Petitioner's judgment was later affirmed by the United States Court of Appeals for the Fourth Circuit. See United States v. Byrd, 208 F. App'x 216 (4th Cir. 2006) (unpublished), cert. denied, 551 U.S. 1124 (2007).

On March 10, 2011, this Court dismissed Petitioner's first § 2255 motion after finding that it lacked merit. Byrd v. United States, No. 3:08-cv-257-GCM (W.D.N.C. Mar. 18, 2011), dismissed, 437 F. App'x 275 (4th Cir. 2011) (unpublished).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner may be entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In the present motion, Petitioner contends that he is entitled to relief from his criminal judgment based on the Fourth Circuit's recent opinion in Miller v. United States, 735 F. App'x 141 (4th Cir. 2013), among other cited authority, however the Court will confine its discussion to the Miller opinion.[2]

Petitioner asserts he is entitled to collateral relief because the panel in Miller held that the rule announced in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) is a substantive rule that was made retroactively applicable to cases on collateral review. (3:14-cv-

---

[2] Each of the cases cited by Petitioner entitle him to no relief because, as the Court finds herein, he is not authorized to proceed with a successive § 2255 collateral attack on his sentence.

2

353, Doc. No. 1 at 2). While Petitioner is correct in his assessment of the holding in Miller, this recent holding can be of no assistance in his effort to obtain collateral relief from his judgment under § 2255. See Miller, 735 F. App'x at 144-47 (explaining retroactive application of Simmons).

Petitioner's ability to present another collateral attack to his criminal judgment is expressly limited by the Antiterrorism and Effective Death Penalty Act (AEDPA) which provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

Based on the foregoing, the Court finds that Petitioner is not entitled to continue with this collateral attack on his criminal judgment because he has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit. Accordingly, this Court is without jurisdiction to consider the merits, if any, of the present motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); Winestock, 340 F.3d at 205.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion to vacate is **DISMISSED** without prejudice as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 7, 2014

Graham C. Mullen
United States District Judge